IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

VALERIE Y. CORE,            )
o/b/o T.V.Z.S.,             )
                            )
        Plaintiff,          )
                            )
    v.                      )        CIVIL ACTION NO. 3:12cv31-WC
                            )
CAROLYN W. COLVIN,          )
Acting Commissioner of Social Security, )
                            )
        Defendant.          )

# MEMORANDUM OPINION

## I.    INTRODUCTION

Plaintiff, Valerie Y. Core, filed an application, on behalf of her minor child, T.V.Z.S.,[1]

for supplemental security income.   Plaintiff's application was denied at the initial

administrative level.   Plaintiff then requested and received a hearing before an

Administrative Law Judge ("ALJ").   Following the hearing, the ALJ also denied the claim.

The Appeals Council rejected a subsequent request for review.   The ALJ's decision

consequently became the final decision of the Commissioner of Social Security

("Commissioner").[2]  *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).   The case

---

[1] Pursuant to the E-Government Act of 2002, as amended on August 2, 2002, and M.D. Ala. General Order No. 2:04mc3228, the court has redacted the plaintiff's minor child's name throughout this opinion and refers to her as T.V.Z.S..

[2] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

is now before the court for review under 42 U.S.C. § 405(g).  Pursuant to 28 U.S.C. § 636(c), both parties have consented to the conduct of all proceedings and entry of a final judgment by the undersigned United States Magistrate Judge.  Pl.'s Consent to Jurisdiction (Doc. 10); Def.'s Consent to Jurisdiction (Doc. 11).  Based on the court's review of the record and the briefs of the parties, the court AFFIRMS the decision of the Commissioner.

## II.    STANDARD OF REVIEW

The Personal Responsibility and Work Opportunity Reconciliation Act of 1996 includes the standard for defining child disability under the Social Security Act. *See* PUB. L. NO. 104-193, 110 Stat. 2105, 2188 (1996). The statute provides that an individual under 18 shall be considered disabled "if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(I) (1999).

The sequential analysis for determining whether a child claimant is disabled is as follows:

1. If the claimant is engaged in substantial gainful activity, he is not disabled.

2. If the claimant is not engaged in substantial gainful activity, the Commissioner determines whether the claimant has a physical or mental impairment which, whether individually or in combination with one or more other impairments, is a severe impairment. If the claimant's impairment is not severe, he is not disabled.

3. If the impairment is severe, the Commissioner determines whether the impairment meets the durational requirement and meets, medically equals, or

> functionally equals in severity an impairment listed in 20 C.F.R. Part 404,
> Subpart P, Appendix 1. If the impairment satisfies this requirement, the
> claimant is presumed disabled.

*See* 20 C.F.R. § 416.924(a)-(d) (1997).

> In determining whether an impairment functionally equals a listed impairment,
> the ALJ must consider the child's ability to function in six different
> "domains": (1) acquiring and using information; (2) attending and completing
> tasks; (3) interacting and relating with others; (4) moving about and
> manipulating objects; (5) "caring for yourself;" and (6) health and physical
> well-being. If the child has "marked" limitations in two of these domains, or
> an "extreme" limitation in any one domain, then his impairment functionally
> equals the listed impairments, and he will be found to be disabled.   A
> "marked" limitation is one that seriously interferes with the child's ability to
> initiate, sustain, or complete activities. An extreme limitation is one that "very
> seriously" interferes with the child's ability to initiate, sustain, or complete
> activities.

*Coleman ex rel. J.K.C. v. Comm'r of Soc. Sec.*, 454 F. App'x 751, 752 (11th Cir. 2011)

(internal citations omitted).

The Commissioner's regulations provide that if a child's impairment or impairments

are not medically equal, or functionally equivalent in severity to a listed impairment, the child

is not disabled. *See* 20 C.F.R. § 416.924(d)(2) (1997). In reviewing the Commissioner's

decision, the court asks only whether the ALJ's findings concerning the steps are supported

by substantial evidence.  "Under this limited standard of review, [the court] may not make

fact-findings, re-weigh the evidence, or substitute [its] judgment for that of the [ALJ]."

*Bryant v. Soc. Sec. Admin.*, 478 F. App'x 644, 645 (11th Cir. 2012) (citing *Moore v.

Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005)). "Where substantial evidence supporting

the ALJ's fact findings exists, [the court] cannot overturn those findings even if other

3

substantial evidence exists that is contrary to the ALJ's findings." *Id*. (citing *Barron v. Sullivan*, 924 F.2d 227, 230 (11th Cir. 1991)).

## III.   ADMINISTRATIVE PROCEEDINGS

Following the three-step process, the ALJ determined that at T.V.Z.S. had not engaged in substantial gainful activity since the application date of October 28, 2009 (Step One). Tr. 15. Next the ALJ found that T.V.Z.S. suffered from the following severe impairments: severe morbid obesity; headaches; depressive disorder, NOS; and affective mood disorder (Step Two). *Id*. However, the ALJ, after considering T.V.Z.S.'s ability to function in six different "domains," found that T.V.Z.S. did not have an impairment or combination of impairments that met, medically equaled, or functionally equaled a listing. Tr. 16. Accordingly, the ALJ determined that T.V.Z.S. had not been disabled since the date the application had been filed. Tr. 30.

## IV.   DISCUSSION

Plaintiff is proceeding *pro se* in this case and thus, the court construed her pleadings more liberally than a pleading drafted by a lawyer. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). However, the court cannot construe specific arguments against the ALJ's decision on Plaintiff's behalf. Nor can the court read Plaintiff's brief as raising specific claims against the ALJ's decision. In her Brief, Plaintiff discusses T.V.Z.S.'s impairments, such as obesity, her "knock knee," anxiety and depression, headaches, and academic achievements, but nowhere does she point the court to any error in the ALJ's

decision.  Indeed, as noted above, the ALJ found that T.V.Z.S. suffered from the severe impairments of: severe morbid obesity; headaches; depressive disorder, NOS; and affective mood disorder.  Tr. 15.  The ALJ considered these impairments and determined that they, neither individually nor in combination, medically equaled the listings.  Tr. 16.  Further, only after a very thorough discussion and consideration of the six domains listed in 20 C.F.R. § 416.926a(b)(1), did the ALJ determine that T.V.Z.S. was not disabled.  The court has carefully reviewed the record and the decision in the this case and finds that substantial evidence supports the ALJ's finding that T.V.Z.S. had less than marked limitations in the six domains.  Accordingly, the court must affirm the ALJ's determination.  *Moore,* 405 F.3d at 1211.

## V.    CONCLUSION

The Court has carefully and independently reviewed the record and AFFIRMS the decision of the Commissioner.  A separate judgment will issue.

DONE this 20th day of June, 2013.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE